IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

WAYNE ARMON                    §
VS.                            §    CIVIL ACTION NO. 1:05cv277
D. DOUGHTY, ET AL.             §

## MEMORANDUM OPINION

Plaintiff Wayne Armon,[1] an inmate confined in the Stiles Unit of the Texas Department of Criminal Justice, Institutional Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against D. Doughty, Warden Young, a female security warden, the treatment warden, and Lori Mer. Plaintiff did not submit the $250.00 filing fee for this action. Therefore, the court assumes plaintiff is seeking permission to proceed *in forma pauperis*.

### Factual Background

Plaintiff alleges that he was placed in solitary confinement without disciplinary charges being filed against him, exposed to harsh conditions in solitary confinement, and denied medication in retaliation for filing grievances.

### Analysis

Plaintiff is well known to this court as a recreational litigator. To date, plaintiff has filed more than 27 lawsuits in the district courts of Texas and Oklahoma, a number of which have

---

[1] Although plaintiff, Texas prisoner number 259079, has previously filed cases under the names Wayne Arman, T. Wayne Armon, and Thurman Wayne Armon, he has failed to disclose this information in his complaint.

1

been dismissed as frivolous. Additionally, plaintiff has been sanctioned by the Fifth Circuit on two different occasions for filing frivolous cases and appeals.

On September 20, 1994, plaintiff was sanctioned by the Fifth Circuit. *Armon v. McLeod*, No. 94-40522 (5th Cir. Sept. 20, 1994) (unpublished). Plaintiff was ordered to pay a sanction of $100. He was also barred from filing any pleadings without first obtaining leave of court until the sanction was paid. Plaintiff was further instructed to review his pending appeals and to withdraw any that were frivolous.

Plaintiff was once again sanctioned on January 26, 1995. *Armon v. Nguyen*, No. 94-10721 (5th Cir. Jan. 26, 1995) (unpublished). The Fifth Circuit ordered:

> To the sanction imposed in Armon v. McLeod . . . , we impose the further sanction that, subject to further order of this Court, Armon may not file any civil rights complaint in any district court subject to the jurisdiction of this Court without first receiving written authorization to do so from a district or magistrate judge of the forum; nor may he appeal any such action without first receiving the written authorization to do so from an active judge of this Court. The clerks of court are directed to return unfiled any pleading tendered in violation of this order, and any such pleading that is inadvertently filed is to be promptly dismissed.

*Id.* (citation omitted).

The goal of fairly dispensing justice is compromised when the court is forced to expend its limited resources to process frivolous cases. *See In re Sindram*, 498 U.S. 177, 179-80 (1991). Imposition of costs and sanctions, in an amount sufficient to deter a plaintiff and others from filing frivolous lawsuits, is

appropriate even though plaintiff is a prisoner and is filing the suit *pro se*. *See Vinson v. Texas Board of Corrections*, 901 F.2d 474 (5th Cir. 1990); *Gabel v. Lynaugh*, 853 F.2d 124 (5th Cir. 1988). In *Green v. McKaskle*, the Fifth Circuit observed:

> Unlike most litigants, prisoners have everything to gain and nothing to lose by filing frivolous suits. Filing a suit in forma pauperis costs a prisoner little or nothing; time is usually of little importance to a prisoner and prisoners are not often deterred by the threat of possible sanctions for malicious or frivolous actions or perjury. Moreover, a prisoner, while he may be unsuccessful, can at least look forward to "a short sabbatical in the nearest federal courthouse." Thus, the temptation to file frivolous or malicious suits is strong, and these suits clutter up the federal courts, wasting scarce and valuable judicial resources, subjecting prison officials unnecessarily to the burdens of litigation and preventing prisoner suits with merit from receiving adequate attention.

788 F.2d 1116, 1119-20 (5th Cir. 1986) (citations omitted). To prevent such abuse, courts have the power to protect the administration of justice from *pro se* plaintiffs who divert judicial resources to the handling of frivolous or harassing suits. *In re McDonald*, 489 U.S. 180 (1989).

The Fifth Circuit imposed a $100 sanction against plaintiff for filing frivolous lawsuits and appeals and further advised plaintiff to withdraw any pending frivolous appeals. The Court's admonishment and sanction were ineffective because plaintiff continued to pursue his appeal in *Armon v. Nguyen*. That appeal was subsequently dismissed as frivolous. As the monetary sanctions were inadequate to prevent plaintiff from pursuing frivolous litigation, plaintiff was barred from filing any civil rights

complaints or appeal any such action without first receiving written authorization from the appropriate court.

Here, without acknowledging the sanctions previously imposed against him and without stating or demonstrating that he has satisfied such sanctions, plaintiff seeks to file this lawsuit. However, the deterrent goal underlying the imposition of sanctions is not served by granting leave to file additional suits without carefully scrutinizing the prisoner's claims.

After thorough consideration, the court concludes that this is not an appropriate case in which to let plaintiff proceed in light of the sanctions imposed. To allow sanctioned prisoners to proceed in actions such as this, without satisfying the sanctions, would result in the sanctions losing their deterrent effect and would not prevent sanctioned litigants from wasting judicial resources.

In addition to the above referenced sanctions, plaintiff is barred from proceeding *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915(g) which provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

At least eight of plaintiff's prior suits or appeals were dismissed as frivolous prior to plaintiff filing this action.[2] As

---

[2] *See Armon v. Neff*, No. 3:93cv2294 (N.D. Tex. 1994) (dismissed as frivolous), Appeal No. 94-10160 (5th Cir. July 19, 1994) (appeal dismissed as frivolous); *Armon v. Griffith*, 1:94cv244 (E.D. Tex. 1994) (dismissed as frivolous), Appeal No. 94-40597 (5th Cir. Sept. 20, 1994) (appeal dismissed as frivolous); *Armon v. McLeod*, No. 1:94cv78 (E.D. Tex. 1994) (dismissed as frivolous), Appeal No. 94-40522 (5th

a result, plaintiff is barred from bringing this action *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed this lawsuit. *Banos v. O'Guin*, 144 F.3d 883 (5th Cir. 1998).

Plaintiff's allegations fail to establish that an imminent danger of serious physical injury exists. Accordingly, plaintiff may not proceed *in forma pauperis* in this action.

## Conclusion

For the reasons set forth above, plaintiff's complaint should be dismissed without prejudice. An appropriate final judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this 27th day of April, 2005.

HOWELL COBB
UNITED STATES DISTRICT JUDGE

---

Cir. Sept. 20, 1994) (appeal dismissed as frivolous); and *Armon v. Nguyen*, No. 3:94cv999 (N.D. Tex. 1994) (dismissed as frivolous), Appeal No. 94-10721 (5th Cir. Jan. 26, 1995) (appeal dismissed as frivolous).